108  307
110  354

## PEOPLE *v.* WIRTH.

1. CRIMINAL LAW—TRIAL—REMARKS OF COUNSEL.

   Where the testimony in a criminal case is conflicting, the result depending upon which witnesses the jury find to be truthful, it is not reversible error for the prosecuting attorney to state, in his argument to the jury, that he believes the evidence shows the witnesses for the defense to be "a lot of liars."

2. SAME—CREDIBILITY OF WITNESS—CROSS-EXAMINATION.

   Upon a prosecution for an assault, a witness for the respondent testified that he was present at the assault, and that it was not made by the respondent, but by another person. *Held,* that it was proper to show on cross-examination, as affecting the credibility of the witness, that he attended the

preliminary examination of the respondent and of such other person, who were jointly charged with the offense, heard the latter swear that he did not commit the assault, and yet permitted him to be discharged, and the respondent held for trial, without disclosing his knowledge.

Error to recorder's court of Detroit; Chapin, J. Submitted January 31, 1896. Decided February 7, 1896.

August Wirth was convicted of assault and battery, and sentenced to imprisonment in the Detroit House of Correction for 90 days. Judgment affirmed.

*George F. Robison*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people.

GRANT, J. Under an information charging the respondent with assault with intent to do great bodily harm less than murder, he was convicted of assault and battery.

1. It is first insisted that there was no evidence that the respondent participated in the assault, and that therefore the court should have directed an acquittal. We think there was evidence upon this point for the consideration of the jury, but it is not important to state it.

2. Complaint is made that the assistant prosecuting attorney, in addressing the jury, said, "I believe the evidence shows that they [the witnesses for the defense] are a lot of liars." Two witnesses, aside from the respondent, were sworn for the defense. Their character and conduct in relation to the alleged assault were before the jury. Upon them the attorney based the argument that they were not worthy of belief. While the language was severe, we cannot hold that it was not justified. We are not aware of any decision which holds that an attorney may not state to the jury his belief that a witness is or is not entitled to credence, in a case where the testimony is conflicting, and the result depends upon which witnesses

the jury find are truthful.  A broad latitude must be allowed in such cases.

3. One John St. Clair was sworn as a witness for the respondent, and testified he was present at the assault; that one Montgomery made it, and that respondent was in the saloon at the time.  On cross-examination, the prosecuting attorney elicited from the witness the fact that he was present at the examination of Montgomery and respondent, both of whom were charged with making the assault, and that he heard Montgomery swear that he did not make it.  We think this testimony was competent. While the witness was under no legal obligation to disclose to the prosecution what he knew about the case, yet the fact that he did know and permitted the guilty party to escape and an innocent party to be held for trial without imparting his knowledge of the transaction, was competent evidence to affect his credibility.

The conviction is affirmed.

The other Justices concurred.