WOMAN'S RELIEF CORPS NO. 1 MICHIGAN *v.* SOUTH
HAVEN CITY AND TOWNSHIP LIBRARY BOARD.

1. APPEAL AND ERROR—CHANCERY CASE—DE NOVO REVIEW—RIGHT
TO USE ROOMS IN PUBLIC LIBRARY BUILDING.
  Suit by patriotic society against library board to determine rights
    of the parties in connection with the use of certain rooms in
    a public library building, being a chancery case, is reviewed
    *de novo* by the Supreme Court.

2. CORPORATIONS—PATRIOTIC SOCIETY—TERM OF EXISTENCE—MAIN
TENANCE OF SUITS—PROPERTY RIGHTS.
  Contention that patriotic society could not maintain suit to
    determine its right to use certain rooms in a public library
    building because its corporate existence had terminated at
    expiration of its 30-year term was without merit where, before
    expiration of such term, a statute was enacted giving such
    · organizations existence in perpetuity (2 Comp. Laws 1929,
    § 9973; Act No. 327, § 64, Pub. Acts 1931).

3. SAME—ANNUAL REPORTS—FORFEITURE OF CHARTER—CONSERVATION
OF PROPERTY.
  A corporation whose charter is forfeited because of failure to
    file its annual reports continues as a body corporate for the
    purpose of holding, conserving and repossessing its property
    rights (Act No. 327, § 81, Pub. Acts 1931, as amended by
    Act No. 194, Pub. Acts 1935).

4. DEEDS—TITLE—CONSIDERATION—PUBLIC LIBRARY BUILDING—FUR
NISHING OF UTILITIES—PATRIOTIC SOCIETIES.
  Where deed to plaintiff auxiliary and G. A. R. post vested fee
    simple title in village of land after the post ceased to exist
    but deed from plaintiff and the post to defendant library board
    gave the grantors the exclusive use of certain rooms in the
    public library building and the recited consideration specifically required defendant to furnish heat, light, and water for
    such rooms without charge during the life of such organizations, acceptance of the deed by defendant obligated it to fur-

nish such utilities without charge for the life of each of the grantors in the deed to it, notwithstanding fee title vested in municipality when the post ceased to exist.

5. SAME—PATRIOTIC SOCIETIES—AFFILIATES—CONSTRUCTION OF DEED BY PARTIES.

Where deed gave grantor patriotic societies the exclusive use of certain rooms in a public library building and imposed obligation upon grantee library board to furnish heat, light, and water without charge during the life of the organizations and deed contained no restrictions against use by organizations affiliated with the grantors, such affiliates were entitled to continue such use as the societies permit and defendant board was obligated to furnish utilities, especially where such construction has apparently been placed on the language used in the deed by all parties concerned for many years.

6. PARTIES—MUNICIPAL CORPORATIONS—DETERMINATION OF PROPERTY RIGHTS IN PUBLIC LIBRARY BUILDING—PATRIOTIC SOCIETIES.

Where deed granting land to a G. A. R. post and its auxiliary provided that the fee simple title should vest in the village in which the land was situated when the post should cease to exist and the patriotic societies in turn deeded their interest to a library board in consideration of the exclusive use of certain rooms in public library building and furnishing of heat, light, and water without charge, the city was not a necessary party to suit by auxiliary against library board to determine rights in the building, hence denial of city's petition to intervene was not an abuse of discretion.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 5, 1945. (Docket No. 62, Calendar No. 43,158.) Decided December 3, 1945.

Bill by Woman's Relief Corps No. 1 Michigan of the City of South Haven and others against South Haven City and Township Library Board and others for an injunction compelling defendants to furnish light, heat and water to plaintiffs' rooms in the premises and from committing trespasses and for money damages. Petition of City of South Haven to intervene denied. Decree for plaintiff. Defendants appeal. Plaintiffs cross-appeal. Modified and affirmed.

*Perle L. Fouch* and *David Anderson,* for plaintiffs.

*Randolph B. Monroe* and *Charles O. Monroe,* for defendants.

STARR, C. J.   Defendants appeal and plaintiff Woman's Relief Corps cross-appeals from a decree determining the rights of the parties in connection with the use of certain rooms in the public library building in the city of South Haven.

The material facts are stipulated.   Plaintiff Woman's Relief Corps No. 1, auxiliary to Zach Chandler Post No. 35, department of Michigan, Grand Army of the Republic (herein referred to as the Corps), was organized in 1883 under a charter from the national Woman's Relief Corps, and was incorporated in July, 1895, under Act No. 15, Pub. Acts 1889.*   Its purpose was "to promote the general welfare of the order known as the Woman's Relief Corps."   Under section 2 of said act its corporate existence was limited to 30 years, and at the expiration of its term in 1925, upon the advice of an attorney, it did not reincorporate or take steps for the extension of its corporate term.   It did not file annual reports, as required by Act No. 84, pt. 5, chap. 2, § 2, Pub. Acts 1921, as amended by Act No. 388, Pub. Acts 1925, and Act No. 267, Pub. Acts 1929,† and Act No. 327, § 92, Pub. Acts 1931, as amended by Act No. 160, Pub. Acts of 1943.‡

Plaintiff Corps and the Zach Chandler Post No. 35, department of Michigan, Grand Army of the Republic (herein referred to as the G. A. R. Post), desired to erect a building as a memorial to the Union soldiers and sailors of the civil war and to provide a place where their organizations could meet.   They

---

* 2 Comp. Laws 1929, § 10486 *et seq.*   (Stat. Ann. § 21.961 *et seq.*).
† See 2 Comp. Laws 1929, § 10124.
‡ See Comp. Laws Supp. 1940, 1945, § 10135–92, Stat. Ann. and Stat. Ann. 1945 Cum. Supp. § 21.93.

selected a site at the corner of Phoenix and Broadway streets in the village, now city, of South Haven, and in February, 1896, this property was conveyed by deeds to the Relief Corps and the G. A. R. Post, jointly. Each of these deeds provided that upon termination of the "existence or life" of the G. A. R. Post the title to the property would vest in fee simple in the village of South Haven. This provision is hereinafter quoted and more fully discussed.

The board of library directors of the city and township of South Haven desired to erect a library building in the village, but apparently was without funds or a suitable site. Andrew Carnegie, a New York philanthropist, offered to contribute $12,500 for a building if the village would provide a suitable site and maintain a public library fund of not less than $1,250 a year. A plan was evolved whereby plaintiff Corps and the G. A. R. Post would convey the above-mentioned property, which they had acquired in 1896, to defendant board, and in consideration of such conveyance the Corps and the Post would have the exclusive use and control of the assembly room and an adjoining room in the proposed library building, and defendant board would furnish said space with heat, light, and water without charge during the life of the Corps and the Post. The village of South Haven had been reincorporated as a fourth-class city in 1902, and in furtherance of the plan for the erection and maintenance of a public library, the city and the township of South Haven adopted resolutions whereby each pledged itself to contribute annually its pro-rata share of $1,250 for the support and maintenance of the library. In pursuance of the plan, plaintiff Corps and the G. A. R. Post executed a deed on October 7, 1905, conveying the land which they had acquired in 1896 to the "board of library directors of the city and township

of South Haven." This deed expressly provided that the Corps and the Post were to have "the exclusive use and control" of the assembly and adjoining room in the library building to be erected, and that defendant board would furnish heat, light, and water without charge "during the life" of the Corps and Post. This provision in the deed is hereinafter more fully discussed.

The gift of $12,500 was obtained from Andrew Carnegie, and a library building was erected on the land which plaintiff Corps and the G. A. R. Post had conveyed to defendant board of library directors. This building included the assembly room and adjoining room on the ground floor, to be used by plaintiff Corps and the Post as contemplated in their deed to the board. The Corps and the Post and their affiliated organizations used these two rooms for nearly 40 years, and heat, light, and water were furnished without charge by defendant board.

The record before us does not indicate whether or not the G. A. R. Post was a corporate entity which might continue after the death of its last member. However, in the stipulation of facts it is stated that the Post "ceased to exist with the death of its last member on March 23, 1943," and for the purpose of this opinion we shall assume that its existence ended at that time. Thereafter plaintiff Corps and its affiliated organizations continued to meet in and use the assembly and adjoining room in the library building, and defendant board continued to furnish heat, light, and water without charge. Some time after the death of the last member of the G. A. R. Post in 1943, trouble arose between defendant library board and plaintiff Relief Corps regarding the right of the Corps and its affiliated organizations to use the rooms. On February 7, 1944, defendant board caused the electric current and heat and water

services to the rooms to be disconnected. Later plaintiff Corps had the water service reconnected, and it and its affiliates have continued to use the rooms, but apparently without heat or light.

In May, 1944, plaintiffs filed bill of complaint in the present suit to determine the right of plaintiff Corps and its affiliated organizations to use the rooms in the library building, and to compel defendants to furnish heat, light, and water. Their bill set forth in general the above-mentioned facts and alleged that under the provisions of their deed of October 7, 1905, plaintiff Corps was entitled to the exclusive use and control of the assembly and adjoining room and to heat, light, and water without charge during the life of the Corps. Defendants answered, admitting in effect that the corporate existence of plaintiff Corps had been extended by operation of law,* but alleging that it had lost all rights in the library building because of the termination of its corporate existence for failure to file annual reports with the State, as required by statute. Defendants also alleged that under the provisions of the above-mentioned deeds by which plaintiff Corps and the G. A. R. Post acquired title to the library site in 1896, the rights of both the Post and Corps ended in 1943, when the existence of the Post was terminated through the death of its last member. By cross bill defendants asked that plaintiffs be required to pay rental for the use of the assembly and adjoining room for the period after March 23, 1943, when the last member of the G. A. R. Post had died, and also to pay for all extra heat, light, and water used by any organization other than the Corps and the Post. Defendants also asked that plaintiffs be

---

* Act No. 84, pt. 1, chap. 4, § 4, Pub. Acts 1921 (2 Comp. Laws 1929, § 9973); Act No. 327, § 64, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135-64, Stat. Ann. § 21.64).

decreed to have no further right, title or interest whatsoever in the library building.

The case was tried in November, 1944, and on January 17, 1945, the trial judge filed his opinion. Prior to the entry of a decree, the city of South Haven filed a petition on February 3d for leave to intervene as a party defendant for the purpose of securing a determination of its rights in the library property. In its petition the city alleged that upon the termination of the G. A. R. Post, title to the property had vested in the city. The trial judge denied this petition to intervene. On March 6, 1945, a decree was entered, determining that under the provisions of the deed of October 7, 1905, defendant board was obligated to give plaintiff Corps the exclusive use and control of the assembly and adjoining room in the library building and to furnish the rooms with heat, light, and water without charge during the Corps' life and existence. The decree further determined that plaintiff Corps did not have the right to permit other organizations to use its space in the library building. Defendants appeal from this decree, and plaintiff Corps cross-appeals only from that part of the decree which determined that its affiliated organizations could not use its space in the building. This being a chancery case, we review *de novo*.

Although in effect admitting in their answer that the corporate existence of plaintiff Corps had been extended, defendants now contend that it had lost all rights in the library building and could not maintain the present suit, because its corporate existence terminated at the expiration of its 30-year term in 1925. This contention is without merit, because by statutory enactment the Corps was given existence in perpetuity notwithstanding the limitation of term provided in the above-cited statute under which it

was organized. Act No. 84, pt. 1, chap. 4, § 4, Pub. Acts 1921;* Act No. 327, § 64, Pub. Acts 1931;† *Benton Harbor Federation of Women's Clubs* v. *Nelson,* 301 Mich. 465.'

Defendants further contend that plaintiff Corps had lost all rights in the library building and could not maintain the present suit, because its corporate charter had been forfeited for failure to file the required annual reports with the State.‡ This contention is likewise without merit. Although its charter may have been forfeited, it continued as a body corporate for the purpose of holding, conserving, and repossessing its property rights in the library building. *Benton Harbor Federation of Women's Clubs* v. *Nelson, supra; John J. Gamalski Hardware, Inc.,* v. *Wayne County Sheriff,* 298 Mich. 662 (136 A. L. R. 1155). In the *Gamalski Case,* pp. 667, 671, we said:

"The sole question involved in this appeal is, Can a corporation whose charter has been forfeited for failure to file annual reports, and after the expiration of the three-year limit for winding up its affairs, maintain an action in a court of this State to recover property belonging to it and unlawfully taken from it? * . * *

"There is no question in the instant case but that plaintiff's default for failure to comply with the provisions of the general corporation act has rendered its charter void. However, we have held a corporation does not cease to exist upon its charter becoming absolutely void; that it still continues a body corporate and remains a legally existing corporation for certain purposes. One of said purposes being, as we have inferentially held, and now hold, is to

* This is 2 Comp. Laws 1929, § 9973.—REPORTER.
† This is Comp. Laws Supp. 1940, § 10135–64, Stat. Ann. § 21.64.—REPORTER.
‡ See Act No. 327, § 81, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10135–81, Stat. Ann. § 21.81).—REPORTER.

hold and have possession of its property and to conserve same, until due proceedings are had, either to cure the default which caused the loss of its charter, or to wind up its affairs in an orderly manner. There are many things it cannot do by reason of the prohibition of the statute; but to hold, protect and repossess its property is not one of the things it cannot do by reason of such prohibitory provisions. It would be doing a great injustice to the right to own and hold property for us to say that the courts of this State are closed to a defaulting corporation to continue the possession of its property and to conserve the same, by repossessing it by replevin from one who has unlawfully obtained and is unlawfully withholding possession thereof from its lawful owner. *Bruun* v. *Cook,* 280 Mich. 484; *Mathews* v. *Life Insurance Company of Detroit,* 284 Mich. 352; *Blake* v. *American Trust Co.,* 293 Mich. 618; and *Stott* v. *Stott Realty Co.,* 288 Mich. 35.''

The deeds that conveyed the land on which the library building was constructed to plaintiff Relief Corps and the G. A. R. Post in 1896, contained the following provision:

''The said parties of the first part (grantors) * * * do by these presents grant, bargain, sell, * * * and confirm unto the said parties of the second part (plaintiff Corps and G. A. R. Post) *during the existence or life of the organization known as Zach Chandler Post* No. 35, department of Michigan, Grand Army of the Republic, *and after such organization known as Zach Chandler Post* No. 35, department of Michigan, Grand Army of the Republic, *shall cease to exist then to vest in fee simple and become the property of the village of South Haven,* in Van Buren county, Michigan, absolutely and forever.''

Defendants contend that under the above provision, fee simple title to the property vested in the

city of South Haven in 1943, when the G. A. R. Post passed out of existence through the death of its last member, and that all rights of plaintiff Corps in the building were ended upon the termination of the existence of the Post. Although, under the above provision, title undoubtedly vested in the city in 1943, this did not relieve or discharge defendant library board from the obligation which it assumed by accepting the deed of October 7, 1905, from the Corps and the Post, which contained the following provision:

"The said parties of the first part (plaintiff Corps and G. A. R. Post), for and in consideration of the sum of one dollar *and other valuable consideration —as noted below*—to them in hand paid by the said parties of the second part (board of library directors), receipt whereof is hereby confessed and acknowledged, * * * by these presents do grant, bargain, sell, * * * and confirm unto the parties of the second part, and to their heirs and assigns, forever, all that certain piece or parcel of land, situate, lying and being in the county of Van Buren, * * * described as follows: * * * (description of property owned by plaintiff Corps and the G. A. R. Post in the city of South Haven).

*"The following are the valuable consideration referred to: Said first parties are to have the exclusive use and control of the assembly room and the room adjoining same on the north with heat, light, and water in the basement of library building to be erected on said lot, without charge during the life of the organizations comprising said first parties."*

By accepting the above deed, defendant library board obligated itself to give both plaintiff Corps and the G. A. R. Post the use of said assembly and adjoining room and to furnish the rooms with heat, light, and water without charge during the life or existence of each of them. After the termination of the Post in 1943, plaintiff Relief Corps continued to

exist, and defendant library board was obligated to give it exclusive use and control of the rooms and to furnish heat, light, and water. The terms of the deed from the Corps and the G. A. R. Post to the board of library directors, and all the facts and circumstances relative to obtaining a site for the building and the financing of its construction and annual maintenance, clearly indicate that both the Corps and the Post were to have space in the building and to be furnished with heat, light, and water without charge during their existence. Plaintiff Corps has used the rooms, and they have been furnished with heat, light, and water for nearly 40 years. This is a proceeding in equity, and it would certainly be most inequitable to relieve defendant library board from the obligation which it assumed by accepting the deed of October 7, 1905, from plaintiff Corps and the G. A. R. Post.

It appears that the Relief Corps and the Post had certain affiliated organizations, including the auxiliary of the Sons of Union Veterans, auxiliary to the United Spanish War Veterans, Daughters of Union Veterans, Zach Chandler Junior Club, and Zach Chandler Birthday Association. Plaintiff Corps contends that it has the right to permit such affiliated organizations to use the rooms in the library building and to have heat, light, and water furnished. Defendants claim that the Corps cannot give its affiliated organizations the right to use the rooms. The above-mentioned deed to defendant board of library directors expressly provided that plaintiff Corps and the G. A. R. Post should have the "exclusive use and control of the assembly room and the room adjoining same on the north with heat, light, and water * * * without charge during the life" of the Corps and the Post. This provision gave them complete use and control of the rooms, with heat, light, and water furnished without charge. There

was no restriction in the deed against their permitting affiliated organizations to use the rooms, and heat, light, and water went with the use of the rooms and was not limited to the amount used by the Corps and Post. The record indicates that at least some of these affiliated organizations have used the rooms for many years and that utilities have been furnished during such use. The parties have apparently placed their own construction upon that part of the agreement embodied in the deed relating to the use of the rooms and the furnishing of utilities. We conclude that plaintiff Corps may permit its affiliated organizations to use the rooms and that defendant library board is obligated to furnish heat, light, and water for the rooms.

Although the city of South Haven might properly have been made a party to the present suit, it was not a necessary party for the determination of the issues involved. The trial judge's denial of the city's petition to intervene was not an abuse of discretion. Other questions presented do not require determination.

That part of the decree of the trial court which in effect determined that under the agreement embodied in the deed of October 7, 1905, plaintiff Corps is entitled to the exclusive use and control of the assembly and adjoining room, with heat, light, and water furnished without charge during its existence, is hereby affirmed. That part of the decree determining that plaintiff Corps could not permit its affiliated organizations to use the assembly and adjoining room, with heat, light, and water furnished, is hereby reversed. A decree may be entered in this court in accordance with this opinion. Plaintiffs may recover costs of both courts.

NORTH, CARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.