PEOPLE *v.* CARABELL.

1. HOMICIDE—MANSLAUGHTER—CHARGE TO JURY—PREJUDICIAL ERROR.

Unintended use of the word "murder" by the trial judge in the course of his charge to the jury in a manslaughter trial, *held*, not prejudicial error when the trial judge immediately added the words "which is not charged here" and later gave a cautionary instruction which clearly stated that the word "murder" was erroneous and that manslaughter was the only offense charged (CL 1948, §§ 750.321, 769.26).

2. SAME—MANSLAUGHTER—INSTRUCTIONS.

Use of word "manslaughter" *held*, not unnecessarily repetitive or so over emphasized as to constitute error or prejudice in court's charge to jury in prosecution for manslaughter (CL 1948, § 750.321).

3. CRIMINAL LAW—CHARGE TO JURY—LESSER INCLUDED OFFENSES.

Error in failing to charge the jury on legally possible included offenses in criminal case may occur only where the defendant's theory encompasses such a defense and it is supported by competent testimony.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  40 Am Jur 2d, Homicide § 561 *et seq.*
[3]  40 Am Jur 2d, Homicide § 525 *et seq.*
[4]  40 Am Jur 2d, Homicide § 535.
[5]  41 Am Jur 2d, Indictments and Informations § 72.
[6]  40 Am Jur 2d, Homicide § 227.
[7, 8]  40 Am Jur 2d, Homicide § 54.
[9]  29 Am Jur 2d, Evidence §§ 526, 583.

4. Homicide—Manslaughter—Lesser Included Offenses.

A defendant charged with manslaughter could not be found guilty of assault and battery when his only theory of defense was that he acted in self-defense because if this defense was successful, he would not be guilty of any crime (CL 1948, § 750.321).

5. Criminal Law—Indictment—Repugnant Allegations.

No indictment in which an offense is charged is invalid merely because it contains repugnant allegations, such allegations being regarded as surplusage (CL 1948, § 767.47).

6. Homicide—Information—Manslaughter—Surplusage.

Use of word "wilful" in information charging manslaughter *held*, surplusage and not error prejudicial to defendant (CL 1948, §§ 750.321, 767.47).

7. Same—Manslaughter—Malice.

Manslaughter is the unlawful killing of another without malice, express or implied (CL 1948, § 750.321).

8. Same—Definition of Manslaughter.

Voluntary manslaughter is the killing of another intentionally, but in a sudden heat of passion due to adequate provocation and without malice (CL 1948, § 750.321).

9. Same—Use of Admissions and Confessions.

Objection to the use of defendant's prior admissions and confessions at trial is waived by failure to take proper procedural steps before and during the trial when notice that such admissions and confessions would be used was served by the prosecution before arraignment and again at the arraignment on charge of manslaughter (CL 1948, § 750.321; GCR 1963, 785.5).

Appeal from Genesee, Newblatt (Stewart A.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 4,148.)   Decided May 29, 1968.

Alvin J. Carabell was convicted of manslaughter. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*James N. McNally,* for defendant on appeal.

A. C. MILLER, J.   A circuit court jury found defendant Alvin J. Carabell guilty of manslaughter, CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553). A motion for new trial was denied and this appeal followed.

On August 10, 1965, at about 9:30 p.m., in the city of Flint, Michigan, defendant and two friends went by auto to a beer store.  Defendant remained in the front seat, one friend remained in the back seat, while the driver entered the beer store.  The deceased approached the vehicle from the sidewalk, requested a drink and attempted to enter the car. He was intoxicated.  A scuffle ensued between deceased and the defendant.  The friend in the back seat was unable to separate them and went into the beer store.  Upon entry into the car deceased started to sit himself on defendant's lap and grabbed defendant by the throat.  When the friend reappeared, the two were grappling.  Deceased fell to the sidewalk.  The witnesses differed as to whether defendant struck and kicked the deceased, who suffered a fatal brain hemorrhage.

Defendant contends that the use by the court of the word "murder" in a manslaughter charge caused prejudicial error.

The court unintentionally used the word "murder".  He immediately stated "which is not charged here"; and later gave a cautionary instruction to the jury at the request of defense counsel.  We are unable to conceive how this served to prejudice the

defendant, and no satisfactory reasons are offered by the defendant to so demonstrate. This was a mere misstatement, not worthy of the term "error".

The trial court's cautionary instruction was as follows:

"At one point in these instructions, ladies and gentlemen of the jury, I mentioned the term 'murder'. That was an erroneous statement on my part. The only charge in this case, or the charge against the respondent,[1] is manslaughter. And as I have defined manslaughter on several occasions to you, I will do it one more time to refresh your memory. Manslaughter is the unlawful killing of another without malice, express or implied."

There was no prejudice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

It is the second contention of defendant that the court overemphasized the word "manslaughter" in his charge to the jury.

A review of the record discloses no unnecessary repetition of the word "manslaughter". Furthermore, if quantitative analysis is meaningful, the court spent considerably more time defining self-defense than it did in defining manslaughter. No error or prejudice is found.

Defendant next contends that it is the duty of the trial court to give a charge on lesser included offenses for the protection of the constitutional right of the defendant, although such requests were not made by the defense counsel.

In its opinion the trial court stated:

"This court concludes therefore that there seems to be two categories of charges or instructions by the court: First, those which are so essential to a fair trial that the court must charge them irrespec-

---

[1] GCR 1963, 201.1, 785.1, provide for designation of parties. Here the term *defendant* would be appropriate.

tive of a request therefor and, second, those charges which are not so essential to a fair trial that a request therefor is required before error can be predicated upon their not being given. This court believes that lesser included offenses belong in the former category and must be given by the court irrespective of a request therefor. But that is not decisive of the present issue. There has been cited absolutely no law by defendant's counsel that assault or assault and battery were in fact lesser included offenses within the range of evidence in this case. There is no question but that the testimony in this case all establishes that the respondent himself was initially assaulted by the deceased. It appears to the court as if the manslaughter conviction was of necessity predicated upon a finding, properly founded in the evidence, that the defendant's response to the deceased's initial attack was excessive and continued after the deceased's attack had been repelled and deceased was rendered helpless. Under normal circumstances assault and battery would be a lesser included offense; however, assault and battery is a misdemeanor and a death resulting from the commission of a misdemeanor is manslaughter regardless of whether defendant had an intent to kill. If this in fact is true, then there would be no lesser included offense of assault and battery."

There was a discussion with counsel of lesser included offenses out of the presence of the jury, as follows:

"*The Court:* * * * Now with reference to lesser included offenses: (is) involuntary manslaughter a lesser included offense?

"*Mr. Salim:* I don't—I consider—

"*The Court:* You make no request that it is a lesser included offense?

"*Mr. Salim:* Correct. * * *

"*The Court:* I'd like to give you a moment to see whether or not he agrees with the position you have taken.

"[Whereupon a discussion was had, off the record, between defense counsel and the defendant.]

"*Mr. Salim:* Mr. Carabell states that he agrees with my position, that involuntary manslaughter is not, and we do not desire it to be a factor in this case.

"*The Court:* All right. The court will find that the evidence in this case indicates either—based upon the issues that are presented, either an action on behalf of the defendant's justification by virtue of self-defense or excessive force used in self-defense; and therefore, it will either be voluntary manslaughter or not guilty, and that will be the ruling of the court."

There was no objection to this ruling.

To have instructed on assault and battery would have been error. Since a death ensued, it would be legally untenable to find defendant guilty of either an assault, or assault and battery.

In *People* v. *Adams* (1883), 52 Mich 24, defendant was charged with murder, but convicted by the jury of assault and battery. Defendant appealed his assault and battery conviction claiming it was illegal. The court in reversing the assault and battery conviction held (p 25):

"It is certainly a little singular that an assault which is followed by death and its results should be regarded as anything but homicide. If a crime at all, it must have been murder or manslaughter, and a verdict clearing a party from that guilt is not in accordance with common sense."

Error in failing to charge on the legally possible included offenses may occur only where the defendant's theory encompasses such a defense and is supported by some competent testimony. *People* v. *Hoefle* (1936), 276 Mich 428. In other words, in order to warrant an instruction, the offense must be included both legally and factually.

"There was no claim nor could there have been *under the facts* that there was only  *  *  *  a simple assault and battery." (Emphasis added.) *People* v. *Camak* (1967) 5 Mich App 655, 663.

The theory of the defense in this case was self-defense and the court's instructions on this subject were unchallenged. The forms of verdict were properly either guilty or not guilty of the offense charged.

In *People* v. *Ezzo* (1895), 104 Mich 341, where defendant was charged with rape, it was alleged as error that the jury was not instructed as to assault and battery. The court said at page 343:

"No such instruction was asked, and under the evidence the respondent was either guilty of the crime charged or not guilty of any crime."

This is in accord with the prevailing rule, found at 26 Am Jur, Homicide, § 561, p 549.

The fourth allegation of error asserted is that the use of the word "wilful" in the information constituted error.

The very most that can be said for defendant's contention is that it cast a heavier burden upon the prosecution than was required by law. The defendant can hardly complain of that. It was surplusage. CL 1948, § 767.47 (Stat Ann § 28.987) applies:

"No indictment is invalid by reason of any repugnant allegations contained therein, provided that an offense is charged. All unnecessary allegations shall be rejected as surplusage."

Voluntary manslaughter was properly defined to the jury as follows:

"Manslaughter has been defined as the unlawful killing of another without malice, express or implied. The offense is one that is committed without malice or premeditation, as a result of temporary excite-

ment by which the control of reason is disturbed, rather than from any wickedness of the heart or cruelty or recklessness of disposition. The general rule is that reason should, at the time of the act, be disturbed or obscured by passion, or, an excitement of any cause to an extent that might render ordinary men of fair average disposition, liable to act rashly or without due deliberation or reflection, and from passion and lack of reason rather than from judgment.

"In short, voluntary manslaughter is the killing of another intentionally, but in a sudden heat of passion due to adequate provocation and without malice."

There was no prejudice.

The final question presented is stated in defendant's brief as follows:

"Was GCR 1963, 785.5 (admissions) complied with by giving a general statement 'if any' that have been made or should the admission form be explicit so as to advise the defendant of what might be presented against him?"

GCR 1963, 785.5[2] provided (376 Mich xlv, xlvi):

"(1) * * * Defendant shall be entitled, *on demand,* to a verbatim copy of any written or recorded confession or admission and a concise summary of any oral confession or admission listed in the notice. Defendant shall also be entitled, on demand, to a list of the witnesses to the making, execution, and acknowledgment of these statements." * * *

"(3) When notice has been given in compliance with (1) above, any motion by defendant to suppress as evidence a statement listed in the notice on the ground that the statement was illegally obtained

---

[2] Note Supreme Court order entered on June 8, 1967 (379 Mich xxx, xxxi).

must be made no later than 10 days prior to the date set for trial." (Emphasis supplied.)

A notice was served by the prosecutor prior to arraignment, and a proof of service was placed in the file, advising the defendant that confessions or admissions would be used. Such notice was repeated at the arraignment. Defendant made no demand or motion to suppress prior to trial, and the only objection made at the time of trial was a demand for a copy.

The so-called admissions were really a self-serving statement made by the defendant and which followed the admonition by the officer:

"(I) informed Mr. Carabell that he was under arrest; charged with murder, and that it was his right that he did not have to make a statement; if he did, it could be used against him; and he had a right to an attorney."

There was ample testimony of other witnesses from which the jury could conclude beyond reasonable doubt that the degree of force used by defendant was out of proportion to the attack made under the circumstances. The failure to take prompt procedural steps prior to and during the trial must be considered a waiver of any irregularity. There was no prejudice.

Affirmed.

McGREGOR, P. J., and J. H. GILLIS, J., concurred.