PEOPLE v COUCH

1. CRIMINAL LAW—ARGUMENT OF COUNSEL—PERSONAL KNOWLEDGE.

An attorney for either party in a criminal case may argue to a jury that, in his opinion, the evidence shows a witness to be unworthy of credence by arguments based on the internal consistency of a witness's statement, its relation to other testimony, the likelihood or possibility of the events described by the witness, the fact of prior inconsistency by the witness, the opportunity or motive to fabricate, or a demonstrated inability to recount incidents normally within a person's recall, but arguments on the credibility of witnesses should not be based on the superior knowledge of the attorney of facts or evidence not in the case.

2. CRIMINAL LAW—EVIDENCE—PRIOR INCONSISTENT STATEMENTS—IN-STRUCTIONS TO JURY.

So much of a prior statement as a witness adopts by admission of the truth of the facts contained in it becomes substantive evidence, notwithstanding the fact that inconsistency is shown; there was no error where the trial court admitted prior inconsistent statements of witnesses and instructed the jury that the statements were admitted as substantive evidence and not merely to show inconsistency to the extent that the witnesses admitted the prior statements to be true.

3. HOMICIDE—MANSLAUGHTER—DEFENSES—SELF-DEFENSE—INSTRUC-TIONS TO JURY.

An instruction to the jury that a case of self-defense is made out

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 464.

Statements, comments, or conduct of court or counsel regarding perjury as ground for new trial or reversal in civil action or criminal prosecution other than for perjury, 127 ALR 1385.

[2] 58 Am Jur, Witnesses §§ 675, 767 *et seq.*

[3] 40 Am Jur 2d, Homicide §§ 154, 519–521.

[4] 40 Am Jur 2d, Homicide §§ 525–530, 533–535.

Absence of evidence supporting charge of lesser degree of homicide as affecting duty of court to instruct as to, or right of jury to convict of, lesser degree, 102 ALR 1019

if they find that defendant was not the aggressor, that he was in danger of suffering grievous bodily injury, and that there was no way open for retreat, leaving a physical response the only means of repelling the attack, was appropriate in a trial for manslaughter where defendant's theory was based on self-defense and, to the extent the evidence permitted, defense counsel argued that defendant was faced with an attack by a woman wielding a knife and that throwing a brick at her was a justified response (MCLA 750.321).

4. HOMICIDE—MANSLAUGHTER—INSTRUCTIONS TO JURY—ASSAULT AND BATTERY—LESSER INCLUDED OFFENSES.

It was proper, in a jury trial for manslaughter, for the trial court to refuse requested jury instructions describing assault and battery as a lesser included offense (MCLA 750.321).

Appeal from Recorder's Court of Detroit, George T. Ryan, J. Submitted Division 1 June 21, 1973, at Detroit. (Docket No. 14580.) Decided August 28, 1973. Leave to appeal denied, 391 Mich —.

Revnell Couch, Jr., was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: QUINN, P. J., and J. H. GILLIS and BASHARA, JJ.

J. H. GILLIS, J. Defendant, Revnell Couch, Jr., was convicted by a jury of manslaughter. MCLA 750.321; MSA 28.553. He appeals as of right.

On May 25, 1971, a neighborhood argument took place at the home of Dorothy Haney. Her daughter, Janet Harrell, age 6, was standing on the porch of the home when she was struck by a brick thrown at Dorothy Haney by the defendant. All of the numerous res gestae witnesses called to testify at trial corroborate those facts. However, there was serious dispute at trial among those witnesses as to the circumstances surrounding the throwing of the brick at Mrs. Haney.

Some testified Mrs. Haney drew a knife and ran towards defendant threatening imminent peril. They say defendant then picked up the brick and threw it in self-defense.

Others testified Mrs. Haney did not chase defendant with a knife until after the little girl was fatally wounded. Those witnesses say defendant was the aggressor.

Some witnesses said both versions were true. That is, they testified at trial that defendant acted to defend himself, while, at the same time admitted the truth of prior statements indicating the contrary.

Still other witnesses who corroborated defendant's theory of self-defense at trial, admitted making prior inconsistent statements but denied the truth of the matters asserted therein.

Defendant's statement to police, made shortly after the incident, was admitted. It did not remotely assert the claim of self-defense, but instead indicated the brick was thrown at someone else, but without an intention to harm anyone.

The prosecutor made several remarks during the argument concerning the obvious conflict in testi-

mony.[1] Defendant contends the remarks were inflammatory, prejudicial, and deprived him of a fair trial. We do not agree.

It should go without saying that an attorney for either party may argue to a jury that, in his opinion, the evidence shows a witness to be unworthy of credence. See *People v Wirth,* 108 Mich 307; 66 NW 41 (1896). Such argument may be based on the internal consistency of a witness's statement, its relation to other testimony in the case, the likelihood or possibility of the events described by the witness, the fact of prior inconsistency by the witness, the opportunity or motive to fabricate, or a demonstrated inability to recount incidents normally within a person's recall. In any case, argument on the credibility of witnesses should not be based on the superior knowledge of the attorney of facts or evidence not in the case. See *People v Quick,* 58 Mich 321; 25 NW 302 (1885); *People v*

---

[1] Some of the remarks assigned as prejudicial, taken out of context, are of the following flavor:

"That's the most incredible story I've ever heard.

\* \* \*

"And I suggest to you that if there were one speck of truth in that conjured up story that's been put together between May the 25th and today's date, if there were any truth at all in that story, it's at that time that the defendant would have told that story to the police.

\* \* \*

"And, for the life of me, if you believe anything else, then you are incapable of separating the truth from the lies or fact from fiction.

\* \* \*

"[Y]ou can't escape the conclusion that someone in this case, in fact, many persons in this case, are lying. And those lies are fabricated, perjury, itself an offense under the law. That's the disgusting part about this case, that people can sit back and think and deal with the death and plan and then come in here and lie to you [the jury].

\* \* \*

"But they knew that if they told the truth in this courtroom, there would be no defense for the defendant and so we heard the parade of lies not even artfully constructed in the same language, witness after witness after witness, identical words. As though the plot were written \* \* \* ."

*Dane,* 59 Mich 550; 26 NW 781 (1886); *People v Hess,* 85 Mich 128; 48 NW 181 (1891); *People v Ignofo,* 315 Mich 626; 24 NW2d 514 (1946); *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970).

In our opinion, the remarks of the prosecutor, while severe, did not go beyond permissible limits. In essence, the prosecutor translated into layman's terms many of the concepts just discussed.

For example, the notion stated by some witnesses that Mrs. Haney, after chasing defendant from her yard with a knife, ran back to the porch after seeing him throw the brick, in time to shield herself with the body of her child *before* the brick struck, *is* incredible. Furthermore, defendant's prior statement of the incident revealed he threw the brick at someone other than Mrs. Haney. Arguing that a present assertion of self-defense from Mrs. Haney is recent fabrication from prior inconsistency is permissible. See, *e.g., People v Russell,* 27 Mich App 654; 183 NW2d 845 (1970). The fact that the prosecutor phrased his argument in words not as delicate as an Oxford don might have used does not require reversal.

During trial prior statements of several witnesses were offered by the prosecution to show inconsistency with their present testimony. Some of the witnesses acknowledged they made the self-contradictions contained in their signed statements. Some admitted the prior statements *were true.* To that extent, and over defense counsel's objections, those statements were admitted as substantive evidence and not merely to show inconsistency. The jury was so instructed.

Had the statements made prior to trial been merely identified and the content denied, they could have been used only for impeachment pur-

poses. However, notwithstanding the fact that inconsistency is shown, so much of a prior statement as a witness adopts by *admission of the truth* of the facts contained therein, becomes substantive evidence. *Perry v F Byrd, Inc,* 280 Mich 580; 274 NW 335 (1937); *Schratt v Fila,* 371 Mich 238; 123 NW2d 780 (1963). We find no error.

Nor do we find error in the admission of defendant's statement to police shortly after the incident. We are satisfied the trial court correctly determined the issue of the admissibility of the statement at a separate hearing pursuant to *People v Matthews,* 22 Mich App 619; 178 NW2d 94 (1970).

Defendant's theory at trial was based on self-defense. To the extent the evidence permitted, defense counsel argued defendant was faced with an attack by a woman wielding a knife and that throwing a brick at her was a justified response. The jury was instructed, in essence, that a case of self-defense was made out if they found that defendant was not the aggressor; that he was in danger of suffering grievous bodily injury; and that there was no way open for retreat, leaving a physical response the only means of repelling the attack. See *People v Etheridge Turner,* 37 Mich App 226; 194 NW2d 546 (1971). We think those instructions were appropriate.

Since defendant was charged with manslaughter, his *intent* to kill anyone is not necessarily pertinent; however, at the very least, it must have been shown to the jury he did some unlawful act not amounting to a felony or naturally tending to cause death or great bodily harm. See *People v Clark,* 26 Mich App 475; 182 NW2d 632 (1970); *People v Carter,* 387 Mich 397; 197 NW2d 57 (1972).

The case, as presented, was described to the jury

correctly. If, at trial, it had been defendant's theory that he need not have feared grievous bodily injury, but only have suffered an assault, to justify his response, different considerations for the jury might have been appropriate. However, we are satisfied the jury, as instructed, was not precluded from determining the legality of defendant's act from any standard in the law. Since the jurors, if they believed defendant was attacked, must have found defendant acted unreasonably if assaulted by a knife, it is difficult for us to understand how any lesser assault would have legitimated defendant's brick-throwing response.

It was also proper for the trial court to refuse requested jury instructions describing assault and battery as a lesser included offense. *People v Carabell*, 11 Mich App 519; 161 NW2d 776 (1968); *People v Dykes*, 37 Mich App 555; 195 NW2d 14 (1972); *People v Carter, supra*, 422; 197 NW2d at 69.

Affirmed.

All concurred.