PEOPLE v BENARD

Docket No. 71277. Submitted September 5, 1984, at Grand Rapids.—
    Decided October 16, 1984.

   Defendant, Raymond C. Benard, was charged in the Muskegon
   Circuit Court with armed robbery and first-degree criminal
   sexual conduct. Defendant pled guilty to the sexual conduct
   charge in return for which the prosecution agreed that the
   armed robbery charge would be dismissed. The trial court,
   Ronald H. Pannucci, J., sentenced defendant to from 15 to 60
   years imprisonment. Defendant appeals alleging that, since
   there was no showing that he held a gun or was otherwise
   armed, an insufficient factual basis was established to support
   the charge of first-degree criminal sexual conduct while armed
   with a weapon. Defendant's statements at his plea-taking pro-
   ceeding indicated that the defendant had sexual intercourse
   including penetration with the complainant while an accom-
   plice held a gun on the complainant and that defendant and his
   accomplice had intended to rob the complainant when they
   entered her house. Held:

      1. The Court of Appeals declined to hold that when the
   weapon was actually in the hands of his accomplice it was also
   held by the defendant even though they were acting in concert.
   Therefore, defendant did not control the weapon which was in
   the accomplice's hand. Defendant was in proximity to the
   weapon but the accomplice had control of the gun.

      2. The act of the accomplice did not satisfy the missing
   element of being armed. However, the error was harmless since
   · defendant could have been charged and convicted under a
   different subsection of the first-degree criminal sexual conduct
   statute. Defendant could have been convicted of armed robbery
   even though he did not carry a gun since he was an aider-
   abettor of an accomplice who did. Defendant's plea was proper

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 294.
[2] 21 Am Jur 2d, Criminal Law § 166.
   65 Am Jur 2d, Rape § 28.
[3] 21 Am Jur 2d, Criminal Law § 167.
[4] 5 Am Jur 2d, Appeal and Error § 776.

under the subsection regarding sexual penetration occurring under circumstances involving the commission of any other felony, therefore, reversal is not required.

Affirmed.

D. E. Holbrook, Jr., J., concurred in the result only.

1. Criminal Law — Statutes — Judicial Construction.
   Criminal statutes are to be strictly construed.

2. Rape — First-Degree Criminal Sexual Conduct — Weapons — Accomplices.
   A defendant is not armed with a weapon for purposes of a charge of first-degree criminal sexual conduct while armed with a weapon where the weapon involved is at all relevant times in the hands of and under the control of an accomplice of the defendant and not under the defendant's control; the defendant's proximity to the weapon does not overcome the control of the weapon exercised by the accomplice (MCL 750.520b[1][e]; MSA 28.788[2][1][e]).

3. Criminal Law — Aiding and Abetting.
   A defendant may be found guilty as an aider and abettor for the acts of accomplices with whom he acted in concert (MCL 767.39; MSA 28.979).

4. Rape — First-Degree Criminal Sexual Conduct — Guilty Pleas — Appeal — Harmless Error.
   A trial court's error in the acceptance of a plea of guilty to first-degree criminal sexual conduct while armed with a weapon may be found to be harmless error despite the fact that the defendant was not armed with a weapon where the guilty plea record establishes that the defendant actually committed the crime of first-degree criminal sexual conduct involving sexual penetration occurring under circumstances involving the commission of any other felony (MCL 750.520b[1][c] and [e]; MSA 28.788[2][1][c] and [e]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *James R. Rinck,* Assistant Prosecuting Attorney, for the people.

*Douglas M. Hughes,* for defendant on appeal.

Before: Allen, P.J., and R. B. Burns and D. E. Holbrook, Jr., JJ.

PER CURIAM. As a result of an incident occurring on September 27, 1982, defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and with first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), *viz.:* sexual penetration while armed with a weapon. Defendant waived preliminary examination and was bound over to circuit court. On October 2, 1983, defendant pled guilty to the charge of first-degree criminal sexual conduct in return for which the prosecution agreed that the charge of armed robbery would be dismissed.

At the plea-taking proceeding defendant stated: that he, Robert Charles and two other male friends went to complainant's home about 3 a.m. for the purpose of obtaining "some reefer"; that after defendant first knocked, Charles kicked in the door and together with defendant entered the home; that upon entering they were met by complainant and her husband; that Charles held a gun on the complainant, forcing her to lie naked on a couch in the room; that defendant then had sexual intercourse including penetration with the complainant; that the reason complainant lay naked on the couch was because Charles held a gun on her; that when Charles and he entered the house they intended to rob.

Sentenced on March 9, 1983, to a term of from 15 to 60 years in prison, defendant appeals as of right contending that because there was no showing that defendant held the gun or was otherwise armed, an insufficient factual basis was established to support the charge of first-degree criminal sexual conduct while armed with a weapon.

The precise question raised is whether an act of an accomplice can satisfy the missing element of being armed, as that term is used in subsection (1)(e) of the statute. Citing *People v Davis,* 101

Mich App 198; 300 NW2d 497 (1980), the prosecutor argues that the answer is "yes". In *Davis,* defendant had sexual intercourse with the victim while a rifle, which defendant had been carrying but had thrown down on the ground, lay some six feet away. Our Court held that "possession" includes constructive possession and that a person has constructive possession if one has proximity to the weapon with an indicia of control. Similarly, in *People v Flanagan,* 129 Mich App 786, 797; 342 NW2d 609 (1983), the Court held that the defendant was in possession of a knife when a sexual assault occurred in a car while the knife lay on the car seat next to the defendant. Likewise, in *People v Terry,* 124 Mich App 656, 660-662; 335 NW2d 116 (1983), we held that under the felony-firearm statute the defendant had possession of a gun when he delivered drugs even though at the time the delivery occurred the gun was located in a brown bag across the street from where the delivery occurred.

However, none of the above-cited cases involve a situation where, as in the case before us, possession was actually with someone else. Criminal statutes are to be strictly construed. *People v Saxton,* 118 Mich App 681, 690; 325 NW2d 795 (1982). Where a weapon is actually in the hands of a second party, we decline to go so far as to hold that possession is also held by a first person even though the first person is acting in concert with the second person. Realistically, defendant did not control the weapon which was in Robert Charles's hand. Defendant was in proximity to the weapon but Robert Charles had control of the gun.

Nevertheless, we find the error harmless. Defendant could have been charged with first-degree criminal sexual conduct under subsection (1)(c) instead of subsection (1)(e). Subsection (1)(c) reads:

"(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

"(c) Sexual penetration occurs under circumstances involving the commission of any other felony."

It is clear from the record that defendant could have been charged with armed robbery even though he did not carry the gun. Defendant's testimony indicated that his companion carried a gun, and under MCL 767.39; MSA 28.979 defendant could be found guilty as an aider or abettor for the acts of accomplices with whom he acted in concert. *People v Dykes,* 37 Mich App 555, 559; 195 NW2d 14 (1972). While defendant's testimony at the plea-taking did not describe the offense of robbery, his testimony on that occasion clearly described the offense of breaking and entering an occupied dwelling in the nighttime with intent to rob. He also testified to a sexual assault upon the complainant after entry into the home. Therefore, defendant's plea is proper under subsection (1)(c). For these reasons we find no error requiring reversal.

Affirmed.

D. E. Holbrook, Jr., J., concurred in the result only.