ATTORNEY GENERAL, *ex rel.* ALEXANDER, *v.* McCLEAR.

1. DRAINS—CONSTRUCTION—AUTHORITY — CONSTITUTIONAL LAW —
   PUBLIC HEALTH.
      Independent of the consideration of necessity on account of
   the public health, there is no authority in the legislature to
   enact laws for the condemnation of private property, and to
   levy taxes for the construction of drains.

2. SAME—LOCAL SELF-GOVERNMENT — DRAIN COMMISSIONER — AP-
   POINTMENT BY GOVERNOR—CONSTITUTIONAL LAW.
      The enactment of drain laws being the exercise of those police
   powers inherent in every government for the protection of
   the public health, Act No. 592, Local Acts 1905, providing in
   section 5 for the appointment of a drain commissioner for Liv-
   ingston county by the governor, is not an interference with
   local self-government as guaranteed by the Constitution.

3. SAME—CONSTITUTIONAL LAW—INTERNAL IMPROVEMENT.
      The drain law of this State does not conflict with section 9,
   article 14, of the Constitution, prohibiting the State from
   engaging in works of internal improvement.

Error to Livingston; Miner, J. Submitted June 7,
1906. (Docket No. 40.) Decided October 1, 1906.

Quo warranto proceedings by John E. Bird, attorney
general, on the relation of William Alexander, against
Eugene T. McClear to try the title to the office of drain
commissioner. There was judgment for respondent, and
relator brings error. Reversed, and judgment of ouster
entered.

*Glenn S. Mack*, for appellant.

*Louis McClear, Richard D. Roche*, and *Louis E.
Howlett*, for appellee.

McALVAY, J. These are quo warranto proceedings
instituted in the circuit court for Livingston county

against Eugene T. McClear to determine by what right he held and exercised the office of drain commissioner in and for said county. Relator claims title to this office by virtue of appointment made by the governor under Act No. 592, Local Acts 1905, passed by the legislature, ordered to take immediate effect June 1, 1905, entitled, "An act to provide for the election of public officers within the county of Livingston." This act repealed all acts and parts of acts inconsistent with its provisions. The section under consideration and under which the appointment of relator was made is as follows:

"SEC. 5. The county drain commissioner for the county of Livingston shall hold office for a term of two years and shall take and file the constitutional oath of office with the county clerk of the county of Livingston, together with the bond now required by law for the faithful performance of the duties of his office; the term of his office shall begin on the first day of January following his election: *Provided,* That when the term of office of the present drain commissioner of the county of Livingston expires on January one, nineteen hundred six, the governor of the State of Michigan shall appoint his successor, who shall hold office for the term of one year or until the duly elected drain commissioner for the county of Livingston, takes the constitutional oath of his office and assumes the duties thereof on the first day of January, nineteen hundred seven."

Relator was appointed by the governor October 5, 1905, for the term of one year beginning January 1, 1906. At the October, 1905, session of the board of supervisors of Livingston county, to wit, on October 10, 1905, said board by resolution declared this act of the legislature authorizing this appointment by the governor unconstitutional, and elected respondent who was the then incumbent of the office, drain commissioner of Livingston county "for the ensuing term." Both these parties filed their official bonds which were approved by the county clerk, and both took and filed the oath of office. On January 2, 1906, relator made due demand upon respondent to surrender to him the office, and books, papers, and records appertain-

ing thereto, which demand was refused. These proceedings were then commenced. Issue was joined and the cause was heard before the court without a jury. The circuit judge held that the portion of the act authorizing the governor to make the appointment for one year was unconstitutional:

1. Because the act contravenes the right of local self-government.
2. That it is in conflict with article 14, § 9, of the Constitution of the State which prohibits the State from engaging in works of internal improvement.

There are no disputed facts in the case. The only question before this court is whether the court was in error in holding that portion of the act authorizing the appointment by the governor unconstitutional. We can eliminate the question as to whether this appointment can be held as one the legislature might authorize on account of exigency, for we are satisfied that if that is the only reason invoked to sustain it, that portion of the statute must be declared unconstitutional. The statement of this court upon this point as given in *Moreland* v. *Millen*, 126 Mich. 385, 386, is certainly applicable:

" It is not apparent to us, from the terms of the law, or from circumstances of which we may take judicial notice, that there was a necessity for departing ·from the rule which gives to the city the right to select its officers for the conduct of its local affairs.   *   *   *   Not only do we discover no evidence of an exigency, but the act itself indicates its absence, as it provides for appointment   *   *   * in case of a vacancy."

If a drain commissioner may be said to be strictly a local officer this case cannot be distinguished from the case of ·*Moreland* v. *Millen*, supra, and must be controlled by it.

It is urged by the relator that a drain commissioner is not an ordinary local officer; that he may be considered by the courts, and in fact is, an officer acting by virtue of the police powers of the State, and exercising its functions

for the benefit of the public health.  It is the settled law of this State that, independent of the consideration of necessity on account of the public health, there is no authority in the legislature to enact laws for the condemnation of private property, and to levy taxes for the construction of drains, and that such legislative action is a provision for the exercise of those police powers inherent in every government for the protection of the people.  The drainage laws of this State are framed and based upon this fundamental proposition.  As the basis of every valid proceeding under these laws the drain commissioner must find that the drain is necessary to the public health. *Brady* v. *Hayward*, 114 Mich. 326; *Kinnie* v. *Bare*, 68 Mich. 625; Cooley on Constitutional Limitations (7th Ed.), pp. 734, 770.  The power of the State to care for the health and welfare of the people is conceded, but it is urged that the State already has all the official machinery essential to the complete exercise of its powers in that regard, the State and local boards of health being clothed with adequate authority.  The State is not limited to any particular method or set of officials by and through which it shall perform its functions in the interest of the public welfare.  The legislature may provide any suitable and proper method within the limitations of the power to be exercised.  It is recognized that the power under consideration is frequently directly exercised in municipalities or districts by levying taxes and exercising the right of eminent domain for the construction of drains.  Cooley on Taxation (2d Ed.), p. 684.  Upon this proposition alone have the drain laws of this State been upheld by the courts. It follows that a drain commissioner is not a local officer, but an officer exercising public functions on behalf of the State under and by virtue of its police powers.  His appointment then would not be in contravention of the principle of local self-government and unconstitutional, and the legislature could provide that such appointment be made by State authority.  In the *Moreland Case*, supra, the appointment was of a local officer, and that case

merely decides that there was no exigency and that the appointment provided for in the act exceeded the power of the legislature. The question involved in the case at bar was not considered. For the reasons stated this case is distinguishable from the *Moreland Case.* The act providing for this appointment by the governor is not unconstitutional.

The case of *Wilcox* v. *Paddock,* 65 Mich. 23, relied upon by respondent, is not in point. That case does not hold that land may be condemned and taxes levied for the purposes of a drain for other than purposes of the public health without the consent of the individual. In that case the question now before us was not discussed. The act under consideration was held unconstitutional as contravening the prohibition against the State engaging in any work of internal improvement, and that the taxing power of the State was being used in defiance thereof; that the legislature had no power to confer authority upon the probate judge of Gratiot county to appoint a commissioner foreign to the county to determine the necessity of the work, and assess taxes for benefits upon land and to superintend such improvement; and that the title of the act was defective. The question of the police powers of the State is not considered. In the opinion it is expressly stated that under the act—

" The good of the public health need not be necessarily considered.     *     *     *

" The lands are not assessed for taxation because of benefits to the public health, but the taxes are assessed upon and paid by the lands, easements and property benefited thereby (referring to the construction of the improvement), and by any township, city or village by reason of the benefit to the public health, and as a means of improving any public highway.     *     *     *     Her lands are assessed for a work of internal improvement as well as for the benefit of the public health."

The constitutionality of the general drain laws of the State has been upheld by this court. *Matthias* v. *Cramer,*

146 MICH.—4.

73 Mich. 5.; *Smith* v. *Carlow*, 114 Mich. 67; *Gillett* v. *McLaughlin*, 69 Mich. 547.   In the last two cases cited, it was held that the construction of drains under this law was not in contravention of article 14, § 9, of the Constitution of the State.

The court was in error in holding that part of the act providing for the appointment of the drain commissioner unconstitutional, and denying the prayer of the relator that he be declared entitled to his office.

A judgment of ouster should have been entered against respondent.   The judgment of the circuit court is reversed, and a judgment declaring  relator entitled to the office, and of ouster against respondent entered in this court, with costs of both courts to relator.

CARPENTER, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.