RAY *v*. GUN PLAINS TOWNSHIP.

1. ACTION—PARTIES DEFENDANT.
   A person has a right to bring an action against all persons against whom liability might be asserted.

2. JUDGMENT—RELEASE OF SOME DEFENDANTS—CROSS APPEAL.
   A jury's verdict of no cause of action against individual defendants released them from liability, where plaintiff took no cross appeal.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—COUNTIES—DRAINS —PROSECUTING ATTORNEY.
   Whether or not plaintiff attorney could be retained by defendant township's supervisor without some formal action by the township board, to oppose the deepening of an intercounty drain traversing lands within the county, whether trial court erred in instructing jury, and whether jury's verdict was against the great weight of the evidence, are not discussed in action, where it is determined plaintiff, the prosecuting attorney, was disqualified from taking a position antagonistic to the county or its officers.

4. PROSECUTING ATTORNEYS—POWERS AND DUTIES—STATUTES.
   Duties and powers of prosecuting attorneys must be prescribed by law (Const 1908, art 8, § 3).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Parties § 23.
[2] 30 Am Jur, Judgment § 172.
[3] 3 Am Jur, Appeal and Error § 820.
[4, 5] 42 Am Jur, Prosecuting Attorneys §§ 9, 19.
[6] 42 Am Jur, Prosecuting Attorneys § 11.
[7, 9] 42 Am Jur, Prosecuting Attorneys § 19.
[7, 9] Constitutionality, construction, and application of statute against attorney representing private person in respect of matter involving facts involved in prosecution or proceeding in which attorney represents public as district or prosecuting attorney or otherwise.   123 ALR 1187.
[10] 14 Am Jur, Costs § 91.

5. SAME—DUTIES.

It is the duty of a prosecuting attorney, in his county, to appear for the State or county, prosecute or defend in all courts of the county, all prosecutions, suits, applications or motions, whether civil or criminal, and give opinions when required by any civil officers in the discharge of their respective official duties, relating to the interests of the State or county (CL 1948, §§ 49.153, 49.155).

6. SAME—DRAINS—EMPLOYMENT OF ATTORNEY—STATUTES.

A prosecuting attorney may not, by acceptance of retainers prior to board action, properly disqualify himself from performing duties contemplated under the general drain law providing that county drain commissioner "may employ an attorney" and that the board of supervisors may cause the prosecuting attorney to give such legal assistance as part of his duties, since he would thereby render obligatory the employment of another attorney for legal assistance, if required, and statute is expressly permissive (CL 1948, § 269.7).

7. SAME—PRIVATE POSITION ANTAGONISTIC TO COUNTY OR STATE.

It is against public policy for the prosecuting attorney, whose duty it is to look after the interests of the State and county and represent county officers, to take a private position antagonistic to that of, or conflicting with, his public duty (CL 1948, §§ 49.153, 49.155, 269.7).

8. DRAINS—INTERCOUNTY DRAINS—PARTIES IN INTEREST.

The State at large and a county are interested parties in proceedings relating to an intercounty drain, part of which is located within the county.

9. PROSECUTING ATTORNEYS—EMPLOYMENT BY TOWNSHIP—POSITION ANTAGONISTIC TO COUNTY.

A prosecuting attorney could not be employed by a township within the county and as a matter of public policy could not recover for services rendered it as an attorney representing it in opposition to the elected county officers, since he is disqualified from taking a position antagonistic to the county or the county officers, including the county drain commissioner (CL 1948, §§ 49.153, 49.155, 269.7).

10. COSTS—CONSTRUCTION OF STATUTES—PROSECUTING ATTORNEY—TOWNSHIPS.

No costs are allowed in action by attorney against township to recover for services rendered in private employment as attorney for township while serving as prosecuting attorney for the county, where the case involves the construction of a statute (CL 1948, §§ 49.153, 49.155, 269.7).

Appeal from Allegan; Smith (Raymond L.), J. Submitted June 8, 1954. (Docket No. 2, Calendar No. 46,069.) Decided October 4, 1954.

Assumpsit by Chester A. Ray against Gun Plains Township, a municipal corporation, and various individuals for attorney fees in contest over drain alteration. Verdict and judgment for plaintiff against township only. Defendant appeals. Reversed without new trial.

*Leo W. Hoffman,* for plaintiff.

*J. Donald Murphy,* for defendant.

BUTZEL, C. J.  Chester A. Ray, plaintiff, an attorney of high standing residing in Allegan county, Michigan, was elected prosecuting attorney of that county for a term that included the period in which the events herein set forth occurred. On or about February 25, 1949, a meeting of the taxpayers of Gun Plains township, Allegan county, was held to determine what action should be taken in opposition to the proceedings for deepening, widening and extending the Gun River drain, an intercounty drain traversing lands in Barry and Allegan counties. The meeting of the taxpayers was not called by the township board of Gun Plains township but it was attended by a large number of freeholders who would be adversely affected by a large assessment resulting from what they deemed an unnecessary deepening of the drain. Plaintiff attended the meeting and there were also present defendants Miller, Barton, Sisson and Khodl, as well as a very large number of other taxpayers who were not made defendants in this action. Willis H. Brown, supervisor of Gun Plains township, was also present at the meeting. It was the consensus of opinion at the meeting that the deep-

ening of the drain was an unnecessary expense and should be opposed by appropriate legal action. Plaintiff was asked what his charge would be for legal services in attempting to prevent, if possible, the deepening of the drain in the township and the levying of the large assessment that would result therefrom. There is no question but that plaintiff stated that his charge would be from $250 to $300. The many witnesses for defendants positively testified that nothing was said by him that the stated charge would be solely for services in intervening in the suit already begun in Barry county. Plaintiff, however, testified that he stated at the meeting that the charge mentioned would be solely for such intervention and not for any further or additional services. The sum of $312 was collected exclusively from the taxpayers and paid to plaintiff. The township did not pay plaintiff. Plaintiff intervened in the Barry suit and performed a large amount of work thereafter, both in Lansing and in the Barry and Allegan county proceedings. No question is raised in regard to the quality of his work although ultimately he was only partially successful.

Plaintiff brought this action for attorney fees not only against some of the individual freeholders who attended the meeting but also against the township. By his actions it might be claimed that plaintiff had his doubts as to who had retained him, although he had the right to bring suit against all persons against whom liability might be asserted. Why an alleged obligation of the township, a municipal corporation, should be paid by the taxpayers in their individual capacities is not satisfactorily shown. The record, however, does show that the township supervisor consulted with plaintiff. The jury awarded plaintiff a verdict of $1,000 solely against the township instead of $2,000 he claimed was due him for services. By its verdict the jury found no

cause of action against the individual defendants and, therefore, released them from liability. Plaintiff has not filed a cross appeal.

It is claimed that the trial judge charged the jury incorrectly in many respects. In one instance he stated that it was the theory of the defendants that the group (freeholders) is liable. Evidently he meant the theory of plaintiff rather than defendants. In view of our decision it is unnecessary to discuss this or other asserted errors in the charge or whether the verdict is against the great weight of the evidence. The further question raised on appeal as to whether plaintiff could be legally retained by the Gun Plains township supervisor without some formal action by the township board need not be discussed in view of our disposition of the case.

We believe that the main question, and the one upon which this decision is based, is whether plaintiff while holding the office of prosecuting attorney and representing the interests of the State and county could legally accept a retainer and represent parties opposing the action of the county drain commissioner as a member of the intercounty drainage board. Plaintiff admits that the drain commissioner of Allegan county, an elected officer, was a member of the intercounty drainage board having charge of the Gun River drain, and was a party to the proceedings in the circuit court for Barry county and later in the circuit court for Allegan county in reference to the drain.

Article 8, § 3, of the Michigan Constitution (1908) provides that the prosecuting attorney's "duties and powers shall be prescribed by law." The legislature has provided in CL 1948, § 49.153 (Stat Ann § 5.751), as follows:

"The prosecuting attorneys shall, in their respective counties, appear for the State or county, and

prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or criminal, in which the State or county may be a party, or interested."

And, also, in CL 1948, § 49.155 (Stat Ann § 5.753), as follows:

"The prosecuting attorneys shall give opinions, in cases where the State or county may be a party or interested, when required by any civil officers in the discharge of their respective official duties relating to the interests of the State or county."

Plaintiff relies largely upon CL 1948, § 269.7 (Stat Ann 1952 Rev § 11.85), which reads as follows:

"The county drain commissioner acting under the provisions of this act, may employ an attorney when he deems the same necessary and any legal expense shall be charged to the several drain districts in behalf of which he shall be employed. All such expenses shall be paid out of the revolving drain fund which shall be reimbursed out of the first moneys available: Provided, That the board of supervisors by resolution may cause the prosecuting attorney to give such legal assistance as part of his duties."

It is the contention of plaintiff that until the board of supervisors by resolution imposed upon him the duty of rendering legal assistance to the county drain commissioner he was free to represent parties opposing the action of the drain commissioner. With this contention we are not in accord. The statute, set forth above, CL 1948, §269.7 (Stat Ann 1952 Rev § 11.85), uses the words "may employ" and we regard such as a permissive statute. It is not for the prosecuting attorney by accepting retainers prior to board resolutions to disqualify himself from performing the duties contemplated by law and, in effect, force the employment of another attorney for

any legal assistance that may be required. Thus the employment of another attorney for legal assistance if required would become obligatory under a statute that is expressly permissive.

It is against public policy for the prosecuting attorney, whose duty it is to look after the interests of the State and county and represent county officers, to take a private position antagonistic to that of, or conflicting with, his public duty. It is obvious that the county was an interested party in these drain proceedings and in any matters that arose out of them. Attorney General, ex rel. Alexander, v. McClear, 146 Mich 45; Cilley v. Sullivan, 187 Mich 447. See, also, Opinions of the Attorney General, 1916, p 240. As was stated in the Cilley Case, supra (p 453):

"To hold that public drains which the legislature has determined may be constructed when necessary and conducive to public health, convenience, and welfare are matters of such purely local and neighborhood interest that the State at large has no interest therein, would, in our opinion, be entirely out of accord with modern thought and against good reason."

We believe that the prosecuting attorney was at all times disqualified to take a position antagonistic to the county or the county officers and he could not be retained by the Gun Plains township to represent it in opposition to the elected county officers. For this reason we believe that it would be against public policy to permit the prosecuting attorney to recover.

The judgment is reversed without a new trial. Inasmuch as the case involves the construction of statutes, no costs will be allowed.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.