PEOPLE v LaPINE

OPINION OF THE COURT

1. CRIMINAL LAW—PROSECUTING ATTORNEYS—ASSISTANT PROSECUTORS
    —STATUTES.

    An assistant prosecuting attorney appointed pursuant to statute
    is subject to the same legal disqualifications and disabilities as
    the prosecuting attorney (MCLA 49.41, 49.42).

2. CRIMINAL LAW—PROSECUTING ATTORNEYS—ASSISTANT PROSECUTORS
    —PROSECUTOR REPRESENTING DEFENDANT—STATUTES—PREJU-
    DICE—OBJECTIONS.

    It is unlawful for a prosecuting or assistant prosecuting attorney
    to defend or assist in the defense of any person charged with
    crime within the county of which he is prosecuting or assistant
    prosecuting attorney; however, a defendant's conviction will not
    be reversed because his attorney was also serving as an assist-
    ant prosecutor during the time the attorney was representing
    the defendant where no prejudice was shown, none of the
    attorney's actions as assistant prosecutor pertained to defend-
    ant's case, and defendant had notice of his attorney's appoint-
    ment and raised no objection (MCLA 49.42, 776.14).

DISSENT BY V. J. BRENNAN, P. J.

3. CRIMINAL LAW—PROSECUTING ATTORNEYS—ASSISTANT PROSECUTORS
    —PROSECUTOR REPRESENTING DEFENDANT—STATUTES.

    *The conviction of a defendant should be reversed whenever it is
    shown that his attorney was also serving as a prosecuting or
    assistant prosecuting attorney, in violation of statute, at the
    time he was representing defendant (MCLA 49.42, 776.14).*

Appeal from Chippewa, William F. Hood, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Prosecuting Attorneys §§ 4, 6 *et seq.*
[2, 3] 63 Am Jur 2d, Prosecuting Attorneys § 29.
    Disqualification of prosecuting attorney on account of relationship
    with accused. 31 ALR3d 953.

Submitted Division 3 January 6, 1975, at Grand
Rapids. (Docket No. 19889.) Decided May 29, 1975.

Jerry LaPine was convicted, on his plea of
guilty, of taking indecent liberties with a child.
Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Farrell E. El-
liott,* Prosecuting Attorney (Prosecuting Attorneys
Appellate Service, *Edward R. Wilson,* Director,
and *Aloysius J. Lynch,* Special Assistant Attorney
General, of counsel), for the people.

Jerry LaPine, *in propria persona.*

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and D. E. HOLBROOK, JR., JJ.

J. H. GILLIS, J. Defendant, Jerry LaPine, was
convicted, upon his plea of guilty, of taking inde-
cent liberties with a child (MCLA 750.336; MSA
28.568) and sentenced to from 2-1/2 to 10 years in
prison. He now appeals, upon leave granted, pre-
senting several issues for our consideration. We
find it necessary to discuss only one, the others
being without merit.

On November 19, 1971 defendant was charged
with statutory rape in violation of MCLA 750.520;
MSA 28.788. On April 27, 1972 an amended infor-
mation was filed which contained the added count
of taking indecent liberties. Defendant pled guilty
to the added count on May 1, 1972 and he was
subsequently sentenced to serve 2-1/2 to 10 years
in prison. Defendant appealed to this Court chal-
lenging the propriety of the sentencing procedure
employed by the trial court and another panel of

this Court, one judge dissenting, found no error in the sentencing procedure and affirmed. *People v LaPine,* 47 Mich App 553; 209 NW2d 726 (1973). Shortly thereafter, in what appears to have been a separate case completely unrelated to the facts at bar, defendant's plea-based conviction on another charge was reversed by this Court in an unpublished per curiam opinion. *People v LaPine,* # 16112. Following the reversal of the above conviction, defendant's motion for resentencing was granted and a different judge sentenced defendant to an identical 2-1/2 to 10 years in prison.

Before resentencing occurred, however, defendant filed a motion in the trial court to withdraw his guilty plea, a delayed motion for a new trial, and a motion to quash the complaint, warrant and information against him. These motions were heard by the original trial judge after defendant was resentenced and the motions were denied. Defendant thereupon filed an application for delayed appeal in this Court which was granted by a different panel of this Court on May 31, 1974.

Defendant contends that his conviction must be reversed because the attorney who was appointed to represent him at trial was also serving as an assistant prosecutor, pursuant to the provisions of MCLA 49.41; MSA 5.801,[1] during the time he was representing defendant.

An assistant prosecuting attorney appointed pursuant to MCLA 49.41; MSA 5.801 is subject to the same legal disqualifications and disabilities as the prosecuting attorney, MCLA 49.42; MSA 5.802,

[1] MCLA 49.41; MSA 5.801 provides: "The prosecuting attorney of any county is hereby authorized and empowered to appoint an assistant prosecuting attorney, by and with the consent of the circuit judge of the judicial circuit in which such county may be situated, which appointment shall be in writing and filed with the clerk of his county."

including that contained in MCLA 776.14; MSA 28.1271, to wit:

"It shall be unlawful for any prosecuting attorney of this state to defend or assist in the defense of any person charged with crime within the county of which he is prosecuting attorney."

MCLA 776.14; MSA 28.1271 was violated in the case at bar. However, we do not believe that violation of the statute should inure to the benefit of the defendant where no prejudice has been shown.

In this case, none of the actions of defense counsel, while he was performing the duties of acting prosecutor, involved matters pertaining to defendant's case. At the hearing on defense counsel's alleged misconduct, the defendant utterly failed to demonstrate any prejudice to himself.

Furthermore, defense counsel testified at that hearing that he revealed his appointment to defendant in a conversation with him and defendant raised no objection. Although defendant contested this version of the episode and contended that defense counsel had merely shown him the letter of appointment, without further conversation, it is uncontested that defendant had notice of defense counsel's appointment prior to trial and raised no objection to it.

Therefore, we adopt the hearing judge's findings:

"The testimony shows—defendant's own testimony, that he was specifically informed of this fact by his counsel. He was given the letter of appointment to read. He made no objection to it at that time. The testimony further shows that the acts as prosecutor had absolutely nothing to do with this case, and that Mr. Denney was acting only during the absence of Mr. Elliott. The fact that he may have acted as special prosecutor

for these special instances and events completely unconnected here, the court does not see that that in any way taints these proceedings, especially when the defendant was advised of it from the very beginning."

While the actions of defense counsel in similar cases should be avoided, we see no reason to reverse defendant's conviction where he has not been prejudiced. Affirmed.

D. E. HOLBROOK, JR., J., concurred.

V. J. BRENNAN, P. J. *(dissenting).* Defendant's first contention presents a novel issue heretofore undecided by the appellate courts of this state. Defendant contends that his conviction must be reversed because the attorney who was originally appointed to represent him at the trial level served as an assistant prosecutor pursuant to the provisions of MCLA 49.41; MSA 5.801 during the time he was representing defendant. My colleagues find that no reversible error here occurred because defendant was not prejudiced. I respectfully disagree. It is my belief that actual prejudice to a defendant need not be shown in such circumstances.

The prosecuting attorney of a county is empowered by MCLA 49.41; MSA 5.801 to appoint an assistant prosecuting attorney with the consent of the circuit judge of the circuit in which the county is located. An assistant prosecuting attorney appointed pursuant to the above provision may perform any and all duties pertaining to the office of the prosecutor, but is also subject to the same legal disqualifications and disabilities as the prosecuting attorney, MCLA 49.42; MSA 5.802, one of which is contained in MCLA 776.14; MSA 28.1271 and provides:

"It shall be unlawful for any prosecuting attorney of this state to defend or assist in the defense of any person charged with crime within the county of which he is prosecuting attorney."

In the case at bar, the facts elicited during the hearing on defendant's motions clearly show that the above statute was violated. Defendant's attorney at the trial level was appointed to represent him on November 19, 1971 and, thereafter, on February 9, 1972, was appointed to act as an assistant prosecuting attorney and did, in fact, act in a prosecutorial capacity while still defending defendant. It is my considered opinion that this alone requires the reversal of defendant's conviction.

The purpose of MCLA 776.14; MSA 28.1271 is to avoid the possibility of any conflict of interest or the appearance of any impropriety in this area by the imposition of a flat prohibition against prosecuting attorneys and, by MCLA 49.42; MSA 5.802, assistant prosecuting attorneys appointed under MCLA 49.41; MSA 5.801 from defending or assisting in the defense of any person charged with a crime in their county. The statute does not prohibit doing so solely in cases where a conflict is likely to arise, but, rather, prohibits doing so in all cases where the defendant is charged in their county. By containing such an absolute prohibition, the statute, by eliminating any appearance of impropriety, serves to foster confidence on the part of the people of this state that the decisions of the prosecutor, in which discretion plays such a large role, will be made in an unbiased and professional manner. In the case at bar the record is clear, as my colleagues have found, that defendant's cause was in no way prejudiced by the conduct of his

trial attorney. Viewing the statute in the manner
set forth above, however, it is clear that a defend-
ant need not establish prejudice to his cause when
the above statute comes into play. The test is
whether defendant's counsel was a prosecutor or
assistant prosecutor, appointed under MCLA 49.41;
MSA 5.801, in the county in which defendant was
charged at any time during his representation of
defendant. If he was, the purposes of the statute
can only be served by reversing a conviction so
obtained.[1]

The prosecutor argues that defendant waived
whatever rights he had under the statute when he
elected to continue with his trial attorney after
being informed of the appointment. My colleagues
also feel this has some effect. I disagree. The
statute contains an absolute prohibition against a
prosecuting attorney or, by MCLA 49.42; MSA
5.802, an assistant prosecuting attorney appointed
under MCLA 49.41; MSA 5.801 from serving in
such a capacity. As discussed earlier, the statute is
designed not only for the protection of a defendant
but also to serve other purposes unrelated to those
which would inure to a particular defendant. Un-
der these circumstances I do not believe the stat-
ute is one which can be waived by a criminal
defendant. The burden is not on a defendant under
these circumstances to approve or disapprove of
his attorney continuing to represent him, but,
rather, the burden is placed on the attorney him-
self. An attorney, when faced with a situation
where the statute comes into play, has no other
choice but to either withdraw from his criminal

---

[1] We are not asked to decide and I express no opinion as to what
remedy should be applied in a situation where a defendant's attorney
was appointed as an assistant prosecutor under MCLA 49.41; MSA
5.801 after defendant's trial is complete or his guilty plea accepted
but before defendant is sentenced.

cases and ask the court for a substitution or refuse the appointment. No other alternative is available.

The prosecutor also argues that the prohibition contained in MCLA 776.14; MSA 28.1271 has no application in this case because defendant's trial attorney was appointed an assistant prosecuting attorney under MCLA 776.18; MSA 28.1273 rather than MCLA 49.41; MSA 5.801. The prosecutor's claim in this regard, however, is belied by the letter of appointment, bearing the signature of both the Chippewa County Prosecuting Attorney and the circuit court judge, in which the appointment was stated to be pursuant to MCLA 49.41; MSA 5.801.

For the foregoing reasons I would reverse defendant's conviction and remand the case to the trial court.