THE STATE OF OHIO *v.* COOPER.

*Mr. J. Stanley Needles,* prosecuting attorney, *Mr. Joseph H. Niemeyer* and *Mr. George Kentris,* for plaintiff.

*Mr. Michael Malone* and *Mr. Ronald G. Heck,* for defendant.

(Nos. 7332 and 7342—Decided May 8, 1980.)

Court of Common Pleas of Hancock County.

WALKER, J.   On August 15, 1979, Christopher L. Cooper was indicted by the Grand Jury of Hancock County, Ohio, for a violation of R. C. 2913.02, grand theft, case No. 7332. At his arraignment on August 21, 1979, bond of $25,000 was set at the state's request, and the matter continued so that the court would have an opportunity to study the defendant's assertion that he was indigent and, as such, would require court-appointed counsel.

On August 28, 1979, the court found the defendant to be indigent and appointed Mr. Michael Malone and Mr. Robert Fry of this city as defendant's counsel.

Subsequently, on August 30, 1979, the defendant, Christopher L. Cooper, was indicted by the Grand Jury for a violation of R. C. 2903.01, aggravated murder, case No. 7342. On September 4, 1979, the court, having found the defendant indigent in case No. 7332, determined that that finding of indigency applied to case No. 7342 and appointed Mr. Malone and Mr. Fry to represent defendant Cooper in case No. 7342.

Due to Mr. Malone's experience at the Bar, the court specifically placed Mr. Malone in overall charge of the defense. Mr. Fry, due to his relative inexperience at the criminal bar, was held to be junior.

Mr. Cooper, through his counsel, entered a plea of not guilty and not guilty by reason of insanity to case Nos. 7332 and 7342. The court ordered the defendant to the West Central Ohio Forensic Center in Lima, Ohio, for an evaluation. At a subsequent hearing, the defendant was determined to be competent to stand trial.

In March, 1980, the prosecuting attorney of this county applied to the Presiding Judge of this court asking that Mr. Fry be appointed an assistant prosecuting attorney of Hancock County. Without then realizing the ultimate implication, the court signed the order approving the appointment. The court did inquire as to the actual need for an additional assist-

ant prosecuting attorney and when assured of the need, the entry was, as noted, signed by the court.

Mr. Fry did in fact advise Mr. Malone of the conversations he had had with the prosecutor when approached by the prosecutor to accept a position in the prosecutor's office. There is some question about Mr. Malone's reaction to this offer. The reaction is of no importance to the resolution of the issue that arose when Mr. Fry did accept the offer to join the prosecutor's office as an assistant. This also took place in March, 1980. Mr. Fry subsequently resigned from his position as co-counsel with Mr. Malone or defendant's attorney in both of these cases. There was a short period when Mr. Fry was being paid by the county as assistant county prosecutor and was also counsel for the defendant.

Upon Mr. Fry's resignation as defendant's co-counsel, the court appointed Mr. Ronald G. Heck of this city as co-counsel with Mr. Malone. Mr. Malone and Mr. Heck then filed a motion with the court asking for an order disqualifying as counsel for the state of Ohio in these matters, the Prosecuting Attorney of Hancock County, Ohio, and all attorneys and associates of the Prosecuting Attorney of Hancock County, Ohio, either in his public capacity or his private capacity.

Five specific grounds for such motion were set forth in that motion:

(1) Defendant's prior co-counsel, Robert A. Fry, was an active participant in the defense of the defendant, Christopher L. Cooper;

(2) The representation by the state by the Prosecuting Attorney of Hancock County, violates the fiduciary duty owed to the defendant Cooper;

(3) Representation of the state of Ohio by the Prosecuting Attorney of Hancock County, or any of his (now) assistants creates an appearance of impropriety;

(4) Robert A. Fry became an assistant prosecuting attorney of Hancock County, prior to his being released as co-counsel for the defendant Cooper; and

(5) If the Prosecuting Attorney of Hancock County, and his staff are not disqualified from representing the state of Ohio, the violation of a substantial right of the defendant will occur.

Defendant, in his memorandum attached to his motion,

cites but one Ohio case that addresses the issue only obliquely: *White Motor Corp.* v. *White Consolidated Industries, Inc.* (1978), 60 Ohio App. 2d 82, a civil case. The parties entered into merger negotiation in 1975. White Consolidated was represented by the Cleveland law firm of Jones, Day, Reavis & Pogue (Jones, Day). The presentation of the merger plan to the Department of Justice was handled on behalf of both corporations by Jones, Day. In 1976, White Consolidated terminated its participation in the merger plan and White Motor sued White Consolidated for breach of the merger agreement. White consolidated was represented "of counsel" in this present lawsuit by Jones, Day. White Motor moved to disqualify Jones, Day on the ground that Jones, Day had engaged in significant prior representation of White Motor that not only bear a substantial relation to the issue but form a part of the transaction which is the subject of this action. It was also asserted that Jones, Day did not have the approval of their former client and the representation by Jones, Day of White Consolidated created an appearance of impropriety.

The trial court refused to dismiss Jones, Day as counsel and an appeal ensued. The Court of Appeals for Cuyahoga County ruled that the denial of a motion to disqualify counsel was an appealable order, saying that such an order affected a substantial right. (R. C. 2505.02.) The Court of Appeals thus ruled only on the issue of whether the ruling itself was appealable. On the appeal itself, the Court of Appeals for Cuyahoga County, in *White Motor Corporation* v. *White Consolidated Industries, Inc.*, No. 39295, January 10, 1980, unreported, ruled, through Jackson, J., that to refuse to disqualify counsel under the circumstances set forth in that case was an abuse of discretion on the part of the trial judge, stating in pertinent parts of the syllabus as follows:

"3. Where a lawyer or law firm accepts employment adverse to a client with whom there is a continuing lawyer-client relationship on an unrelated matter, such conduct is prima facie improper and the burden is upon the lawyer or firm to demonstrate, at the very least, that there will be no actual or apparent conflict in loyalties. (*Cinema 5, LTD.* v. *Cinerama, Inc.* (2d Cir. 1976), 528 F. 2d 1384, followed.)

"4. The maintenance of public confidence in the integrity of the legal profession and in the administration of justice is of

such paramount concern to the bar that any doubt as to the existence of an asserted conflict of interest should be resolved in favor of disqualification."

"6. Canon 9 of the Code of Professional Responsibility, which prohibits an attorney from engaging in conduct which creates the appearance of impropriety, is not applicable unless there has been conduct which could be construed to be a violation of an established standard of professional conduct.

"7. The right of a client to the undivided loyalty of his attorney may be waived by consent of the client to adverse representation."

Paragraph 4 of the syllabus is substantiated by citations to decisions from the 3d, 7th, and 9th Federal Circuits as well as District Courts in Michigan and Wisconsin.

The District Court for Northern District of Ohio, Eastern Division, recognized in *Cleveland* v. *Cleveland Elec. Illum. Co.* (1977), 440 F. Supp. 193, at 196, that, "* * *[The] obligation [of maintaining public confidence in the bar] stands in contrast to the secondary consideration of ensuring the right of the public to legal counsel of its own choice."

This court notes that these cases involve purely civil matters, but it is very clear that an adverse ruling on a motion to disqualify counsel may be appealed in Ohio.

But, assuming, *arguendo,* that such a motion is brought, may a trial court properly hear such a motion when the Supreme Court has reserved unto itself the discipline of the Bar of Ohio? (See Gov. R. V, Disciplinary Procedure, promulgated by the Supreme Court.)

This issue has been addressed in Ohio most recently by the Court of Appeals for Cuyahoga County in *In re Appeals of Richardson, et al.,* v. *Board of Revision of Cuyahoga County, et al.,* Nos. 38566, 38567, 38569, 38570, unreported. These cases arose from a ruling of the common pleas court refusing to permit the attorney for the plaintiffs-appellants to testify as an expert witness on behalf of his clients. Judge Stillman speaking for a unanimous court, with a concurring opinion by Presiding Judge Krenzler, held, "[i]t is fundamental that all the Courts of Ohio must interpret the Code of Professional Responsibility in making rulings to prevent any miscarriage of justice in cases before them."

It is apparent that this court has the responsibility of inquiring into matters such as this as much for the protection of the client as for the protection of the attorney. To permit otherwise might result in the institution of a grievance against the attorney alleged to be involved.

In this case the testimony is clear that Mr. Fry did not at any time communicate to his new colleagues on the prosecutor's staff any information he may have become privy to while serving the defendant.

This particular issue with respect to criminal matters has not been ruled on in any case in Ohio that has been presented to the court or found by the court in its research.

In the Illinois case of *People* v. *Stoval* (1968), 40 Ill. 2d 109, 239 N.E. 2d 441, the defendant was found guilty of theft. The defendant's court-appointed counsel also represented some of the witnesses against the defendant. The court held that the defendant was entitled to a new trial even though the defendant knew of such representation and the attorney conducted defendant's defense with diligence. The court held that this denied the defendant effective assistance of counsel and that it was not necessary to establish actual prejudice. A new trial was ordered.

Michigan has held that where the defendant knew his court appointed counsel was also an assistant prosecuting attorney, but made no objections thereto and there being no showing of prejudice to the defendant, the defendant was not denied effective assistance of counsel. *People* v. *LaPine* (1975), 61 Mich. App. 345, 232 N.W. 2d 401. In the instant cases, of course, the defendant is suggesting prejudice by the very filing of this motion.

It is this court's opinion that Ohio would follow Illinois (*People* v. *Stoval, supra*) and the Arizona case of *State* v. *Latigue* (1972), 108 Ariz. 521, 502 P. 2d 1340, which held that a lawyer cannot defend a client in a criminal case which has been prosecuted by another member of his firm who is the prosecuting attorney. The Arizona court observed that even though there be no revelation, the client would be hard pressed to accept such a statement. From the rulings in civil cases cited from Ohio (as well as many others), it is clear that Ohio will brook no divided loyalties or appearance of divided loyalties.

Obviously here the defendant objects to the fact that his former counsel is now on the staff of the prosecutor. This court specifically finds that there has been no communication between Mr. Fry and the prosecutor or any member of his staff, but because of the overriding requirement that the public must be able to maintain the right to believe in the total integrity of the Bar as a whole, the motion for the Hancock County Prosecutor and his staff to step aside and a special prosecutor appointed is sustained.

In making this ruling the court finds that Mr. Fry is not guilty of any impropriety, but to insure the faith of the people in the efficacy of the judicial system, this ruling must be made. A substantial interest of the defendant is involved.

The Prosecuting Attorney of Hancock County, as well as his assistants in his public capacity and his partners and associates in his private capacity are relieved from the prosecution of these cases and a special prosecutor will be nominated forthwith.

*Judgment accordingly.*