PEOPLE v MURRY

Docket No. 49842. Submitted December 11, 1980, at Lansing.—Decided May 6, 1981.

Aaron Murry was convicted of unarmed robbery and breaking and entering with intent to commit larceny, Bay Circuit Court, Ira W. Butterfield, J. He had previously been convicted of two counts of breaking and entering, unarmed robbery and assault and battery. The Court of Appeals reversed in an unpublished opinion, *People v Murry,* Docket No. 20975, released September 22, 1976. Defendant appeals. *Held:*

1. The trial court did not err in finding a witness unavailable where there was testimony that the witness was 84 years old, was hard of hearing, was upset about the possibility of testifying, and had suffered from hypertension, recurrent pneumonia, and myocardial ischemia and that to testify would be detrimental to her health. Admission of her testimony from the former trial was proper.

2. The issues of the admission of defendant's confession and double jeopardy were determined in the previous appeal. The doctrine of law of the case precludes an issue which was determined in a prior appeal from being raised in a subsequent appeal in the absence of allegations of new facts.

3. The court rules provide that confidential portions of presentence reports need not be disclosed to the defendant. The court did not err in withholding the contents of the presentence report from defendant and in placing little weight on its contents, at the request of defense counsel.

Affirmed.

1. WITNESSES — AVAILABILITY OF WITNESSES — COURT RULES.
   A trial court did not err in finding a witness unavailable where

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 343.
[2] 5 Am Jur 2d, Appeal and Error §§ 744, 748.
[3] 21 Am Jur 2d, Criminal Law § 583.5.
   Defendant's right to disclosure of presentence reports. 40 ALR3d 681.
[4] 5 Am Jur 2d, Appeal and Error §§ 624–627.

there was testimony that the witness was 84 years old, was hard of hearing, was upset about the possibility of testifying, and suffered from hypertension, recurrent pneumonia, and myocardial ischemia and that to testify would be detrimental to her health (MRE 804[a][4]).

2. APPEAL — LAW OF THE CASE.

The doctrine of law of the case precludes an issue which was determined in a prior appeal from being raised in a subsequent appeal in the absence of allegations of new facts.

3. CRIMINAL LAW — PRESENTENCE REPORTS — COURT RULES.

The court rules provide that confidential portions of presentence reports need not be disclosed to the defendant (GCR 1963, 785.12).

4. APPEAL — PRESERVING QUESTION.

A party may not predicate on appeal as error a procedure which was followed at the request of his counsel.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Sheila N. Robertson,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

PER CURIAM. Defendant appeals as of right his jury conviction and sentence for unarmed robbery, contrary to MCL 750.530; MSA 20.798, and breaking and entering with intent to commit the crime of larceny, contrary to MCL 750.110; MSA 28.305. Defendant was sentenced to concurrent terms of 10 to 15 years.

Defendant broke into the house of Evelyn Allen on October 13, 1973, by removing the glass from the outer door and breaking the glass on the main

* Circuit judge, sitting on the Court of Appeals by assignment.

door whereupon he entered the house. Evelyn Allen, who was 79 years old at the time of the incident, was home when defendant broke in and, upon hearing the noises from the kitchen, proceeded to the kitchen to investigate. After she turned on the light in the kitchen, defendant grabbed her by the throat and demanded money from her. Mrs. Allen told him the money was in her bedroom. They proceeded to the bedroom where Mrs. Allen gave defendant $65. Defendant then forced Mrs. Allen to take approximately 60 pills and then struck her on the head with a water pitcher. Defendant then left the house.

Defendant was convicted on April 5, 1974, by a jury of two charges of breaking and entering, one charge of unarmed robbery and assault and battery. Those convictions were set aside by this Court on defendant's appeal in an unpublished per curiam opinion. *People v Murry,* Docket No. 20975, decided September 22, 1976.

Other facts necessary for decision of the issues will be presented with the discussion of the issues.

Defendant raises four issues on appeal. He claims that the trial court erred in finding the complainant unavailable for purposes of admitting her prior recorded testimony. The complainant, Evelyn Allen, was 79 years old when she testified at the defendant's first trial on April 4 and 5, 1974. A hearing was held on September 24, 1979, to determine whether Evelyn Allen was "available" to testify as defined in MRE 804(a)(4), which states that the declarant is unavailable when she is "unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity". This rule is consistent with former Michigan law, *People v Schepps,* 217 Mich 406; 186 NW 508 (1922), and does not violate

the accused's constitutional right of confrontation, *People v Doverspike,* 5 Mich App 181, 190; 146 NW2d 85 (1966), *aff'd* 382 Mich 1; 167 NW2d 285 (1969).

Evidence from three witnesses, including her physician, indicated Mrs. Allen, who was 84 years of age at the time of the hearing, was hard of hearing, was extremely upset about the possibility of retestifying, and had suffered from hypertension, recurrent pneumonia, and myocardial ischemia. Her doctor indicated that she could physically come to court and testify but that it would be detrimental to her health. The evidence clearly established that the witness was physically or mentally infirm, and, under these facts, we cannot say that the trial court was wrong in finding the witness unavailable.

The former testimony which was admitted at trial was that which was taken at defendant's prior trial and his counsel had an opportunity and similar motive to develop the testimony. Therefore, the former testimony is admissible at trial under MRE 804(b)(1) and we do not find error in its admission.

Defendant next claims that his confession was erroneously admitted into evidence. This issue was previously determined by this Court and no new facts were alleged. The law of the case doctrine precludes that issue from being raised on this appeal. *People v Drew,* 83 Mich App 57; 268 NW2d 284 (1978).

Defendant claims that conviction of both breaking and entering with intent to commit larceny and unarmed robbery violates the double jeopardy prohibition of the Michigan and United States Constitutions. Although this issue was determined on the prior appeal, defendant contends that *Peo-*

*ple v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980), is new authority which precludes application of the law of the case doctrine. We disagree. In *Jankowski,* the defendant was found guilty of armed robbery, larceny over $100 and larceny in a building as a result of a single transaction and the court held that "it was factually and logically impossible for the defendant to be guilty of armed robbery without at once being guilty of larceny in a building and larceny over $100". In this case, defendant committed more than one act which resulted in two crimes. Defendant was guilty of breaking and entering at the time he removed the glass from the door and ultimately entered the house. Defendant was guilty of unarmed robbery at the time he grabbed Mrs. Allen around the throat and demanded money. *Jankowski* is not new authority for defendant and his claim is therefore precluded by the law of the case doctrine.

Finally, the defendant argues that the Court should have disclosed a supplemental portion of the presentence report which the trial court had made confidential. The trial court permitted both the prosecuting attorney and defense counsel to look over this report. The court prohibited defense counsel from disclosing the report to defendant because it dealt with problems which defendant had in prison and the court believed that disclosure of the details of the problems would impair defendant's rehabilitation process while in prison. Additionally, at the request of defense counsel, the trial court placed very little weight upon the report stating that the subject matter was more appropriate for a parole board.

Defendant's claim is without merit for three reasons. GCR 1963, 785.12 specifically provides

that confidential reports need not be disclosed to a defendant. The trial court stated on the record that part of the report was confidential and defendant had been informed as to the substance of the report.

Furthermore, when the accuracy of information which is not disclosed is challenged on appeal, defendant must object to the failure to disclose. *People v Czerwinski,* 99 Mich App 304; 298 NW2d 16 (1980). Since no objection was placed before the trial court, this issue is not properly preserved for appeal.

Finally, defense counsel requested that the trial court place no value on this report. On appeal, counsel argues that the failure to place any weight on the report denied defendant his right to an updated presentence report under *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980). Counsel cannot request a certain action in the trial court, and then, after the request has been followed by the trial court, argue on appeal that the action was error. *People v Suiter,* 82 Mich App 214; 266 NW2d 762 (1978), and *People v Alexander,* 76 Mich App 71; 255 NW2d 774 (1977).

Finding no error, the decision of the trial court is affirmed.